UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHATASIA CHANEL BUCKNER,<br><br>       Plaintiff,<br><br>-against-<br><br>NEW YORK ADMINISTRATION FOR CHILDRENS SERVICES; SUZANNE MILES-GUSTAVE, ESQ.; CHILDREN IN YOUTH SERVICES; HANOVER AREA SCHOOL DISTRICT,<br><br>       Defendants. | 24-CV-2539 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff brings this *pro se* action asserting violations of her rights under the Family Educational Rights and Privacy Act (FERPA), New York Education Law, and the Fourteenth Amendment of the U.S. Constitution. She sues the Commonwealth of Pennsylvania "Children in Youth Services" (hereinafter "Children and Youth Services (CYS)"), the Hanover Area School District, the New York Administration for Children's Services, and Suzanne Miles-Gustave, who is not mentioned other than in the caption of the complaint but is a former Commissioner of the New York Office of Children and Family Services (OCFS). For the following reasons, the Court severs Plaintiff's claims against the Commonwealth of Pennsylvania CYS and the Hanover Area School District and transfers these claims to the United States District Court for the Middle District of Pennsylvania.

## BACKGROUND

  Plaintiff has not provided a straightforward account of the events giving rise to her claims. In the section of the form complaint for a description of the facts, Plaintiff writes "see attached." (ECF 1 at 5.) She has attached two complaint forms: one captioned for the Southern

District of New York and one captioned for the Eastern District of New York.[1] The Court understands Plaintiff to be asserting only the claims raised in the attached complaint that is captioned for this district. (*Id.* at 10-23.)

Plaintiff alleges that in November 2022, Chanel Buckner physically assaulted her. (*Id.* at 10.) Soon thereafter, in December 2022, the Kings County District Attorney's Office approved Plaintiff for a "safety transfer." (*Id.*) In February 2023, a "kidnapping t[ook] place in New York." (*Id.* at 11.)

In 2023, Plaintiff notified Pennsylvania's Hanover School District "of [her] children being abducted in a parental kidnapping and illegally removed from their home in New York [and] transported to Pennsylvania," which was allegedly "done under false pretenses." (*Id.* at 11.)

Plaintiff contends that the noncustodial parent and Chanel Buckner, "together with Defendants Administration for Children Services, Commonwealth of Pennsylvania Children in Youth, Hanover Area School District failed to prevent or remedy ongoing parental kidnapping." (*Id.* at 11.) Plaintiff contends that the Hanover School District has failed to address her "medical concerns of Plaintiff's children's peanut allergy."[2] (*Id.*) Moreover, she alleges that her child has a disability, that the child's "medical and emotional needs [are] being neglected," and that the child has "missed treatments" that previously took place three times a week. (*Id.*) Moreover, her child has had "unauthorized Dr. visits, including to obtain a physical for a football program" affiliated

---

[1] The complaint captioned for the Eastern District of New York names as defendants the Commonwealth of Pennsylvania and the Ashley Borough Police Department in Pennsylvania. Plaintiff has brought several prior actions in this Court, the Eastern District of New York, and the Middle District of Pennsylvania, arising from the removal of her children. *See Buckner v. City of New York*, No. 3:24-CV-0659 (M.D. Pa.) (listing cases).

[2] All spelling and punctuation in quoted material is from the original, unless otherwise noted.

with the school district in Luzerne County. (*Id.* at 12.) Plaintiff seeks, among other things, punitive damages and "the immediate return of [her] children." (*Id.* at 6.)

## DISCUSSION

A.  **Claims Against Pennsylvania CYS and Hanover School District**

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's claims against the Commonwealth of Pennsylvania CYS and the Hanover Area School District does not lie in this district under Section 1391(b)(1) because all Defendants do not reside in the State of New York. Venue of Plaintiff's claims against these Defendants is also not proper in this district under Section 1391(b)(2) because these claims, which include allegations about medical treatment or neglect of the children in Pennsylvania, arise outside this district.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against the Commonwealth of Pennsylvania CYS and the Hanover Area School District arose in Luzerne County,

Pennsylvania, which is in the Middle District of Pennsylvania. 28 U.S.C. § 118(b). Venue of these claims therefore lies in the Middle District of Pennsylvania, 28 U.S.C. § 1391(b)(2). Accordingly, the Court severs Plaintiff's claims against the Commonwealth of Pennsylvania CYS and the Hanover Area School District, and in the interest of justice, the Court transfers the claims against these defendants to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a).

Plaintiff's claims against ACS and former New York OCFS Commissioner Miles-Gustave remain pending in this district, and the Court will address these claims by separate order.

## CONCLUSION

The Court severs Plaintiff's claims against the Commonwealth of Pennsylvania "Children in Youth" and the Hanover Area School District. The Court directs the Clerk of Court to transfer the claims against these Defendants to the United States District Court for the Middle District of Pennsylvania, 28 U.S.C. § 1406(a), and to terminate these Defendants on the docket.

Plaintiff's claims against the New York City ACS and former New York OCFS Commissioner Miles-Gustave remain pending in this district. No summons shall issue.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 18, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge